VENABLE LLP
Michael B. Garfinkel (SBN 156010)
 *MGarfinkel@Venable.com*
Matthew M. Wallace (SBN 318843)
 *MMWallace@Venable.com*
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:   310.229.9901

*Attorneys for Defendant Creative Artists Agency, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ADRIENNE LOVE, an individual,<br><br>                              Plaintiff,<br><br>          v.<br><br>AIRBNB, INC., a Delaware corporation, SOUND MADE PUBLIC, INC., a California corporation, FOLIO LITERARY AGENCY, a New York entity, THE GOTHAM GROUP, LLC, a California limited-liability company, 3 ARTS ENTERTAINMENT, LLC, a Delaware limited-liability company, CREATIVE ARTISTS AGENCY, LLC, a Delaware limited-liability company, WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a Delaware limited-liability company, SIMON & SCHUSTER, LLC, a New York limited liability company, PARAMOUNT PICTURES CORPORATION, a Delaware corporation, TEMPLE HILL ENTERTAINMENT, INC., a California corporation, TFC MANAGEMENT, LLC, a California limited-liability company, and individuals JEFF KLEINMAN, ERIN HARRIS, MARLY RUSOFF, TARA BOHN, ALEXIS GARGAGLIANO, JENNY GADD, DANIELLE ZLOTO, ERIN MALONE, DAVID STONE, MOLLIE GLICK, ANDRIANNA DELONE, TRISH | Case No. 2:25-cv-01779-AB(KSx)<br><br>Hon. André Birotte, Jr.<br>Courtroom 7B<br><br>**DEFENDANT CREATIVE ARTISTS AGENCY, LLC'S JOINDER IN SIMON & SCHUSTER LLC'S MOTION TO DISMISS AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*[Proposed] Order filed concurrently herewith*]<br><br><u>Hearing:</u><br>Date:          September 12, 2025<br>Time:          10:00 a.m.<br>Courtroom:  7B<br><br>Action Filed: February 28, 2025<br>Trial Date:    None |

*Left margin (vertical):* VENABLE LLP  2049 CENTURY PARK EAST, SUITE 2300  LOS ANGELES, CA 90067  310.229.9900

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

1  TODD, LINDSAY SAGNETTE,
2  FIORA ELBERS-TIBBITTS, LIBBY
   MCGUIRE, SEAN DELONE, and
3  REBECCA SERLE,

                    Defendants.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## NOTICE OF JOINDER AND MOTION AND JOINDER AND MOTION

**PLEASE TAKE NOTICE** that on September 12, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7B of the above-captioned Court, before the Honorable André Birotte, Jr., Defendant Creative Artists Agency, LLC ("CAA") will and hereby does move to dismiss Plaintiff Adrienne Love's Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. As set forth in the accompanying memorandum of points and authorities, there is good cause to grant the requested relief.

CAA joins Defendant Simon & Schuster's ("S&S") Motion to Dismiss in its entirety, and seeks dismissal of Plaintiff's Complaint on all bases set forth in that motion. S&S's Motion to Dismiss is noticed for hearing on September 12, 2025, at 10:00 a.m., in Courtroom 7B of the above-captioned Court.

CAA asserts additional grounds for dismissal in this motion. First, many of Plaintiff's state law claims are time barred by the applicable statutes of limitations. Second, Plaintiff's complaint violates Rule 8 by improperly lumping her allegations against all Defendants without alleging the basis for each claim against each Defendant. Third, Plaintiff's copyright infringement claim against CAA is subject to dismissal for all the reasons set forth in S&S's Motion to Dismiss, but also because Plaintiff has not stated a copyright infringement claim against CAA specifically. Fourth, as set forth in S&S's Motion to Dismiss, Plaintiff's state law claims are insufficiently pled; also, Plaintiff's fraud-based claims fall short of federal pleading standards for fraud, her conspiracy claim is insufficiently pled, and her declaratory relief claim must be dismissed as a matter of law. Finally, most of Plaintiff's state law claims must be dismissed with prejudice because they are preempted by the Copyright Act.

This Motion is based on this Notice of Joinder and Motion and Joinder and Motion, the Memorandum of Points and Authorities, the pleadings and papers filed

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1

1  in this action, and upon such other written and oral argument as may be presented

2  to the Court.

3       This motion is made following the conference of counsel pursuant to Local

4  Rule 7-3, which took place on July 23, 2025.

6  Dated: July 30, 2025                    VENABLE LLP

7                              By:  /s/ Michael B. Garfinkel

8                                   Michael B. Garfinkel
                                    Matthew M. Wallace
9                                   *Attorneys for Defendant Creative
                                    Artists Agency, LLC*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

2

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................. 1

II.   PLAINTIFF'S ALLEGATIONS ........................................................... 2

III.  LEGAL STANDARD .......................................................................... 3

IV.   ARGUMENT ....................................................................................... 4

    A.   CAA's Joinder In S&S's Motion To Dismiss ........................... 4

    B.   Many of Plaintiff's State Law Claims Are Time-Barred.................... 4

    C.   Plaintiff's Complaint Violates Rule 8 ..................................... 7

    D.   Plaintiff's Allegations Fall Short Of Federal Pleading Requirements .......................................................................... 8

        1.   Plaintiff's Copyright Infringement Claim Against CAA Must Be Dismissed............................................................ 8

        2.   Plaintiff's State Law Claims Against CAA Must Be Dismissed.................................................................... 10

    E.   The Copyright Act Preempts Most Of Plaintiff's State Law Claims, Requiring Their Dismissal..................................... 14

        1.   The Subject Matter Of Many Of Plaintiff's State Law Claims Is Copyright Infringement.................................. 14

        2.   Plaintiff Asserts Rights Equivalent to Copyright Infringement In Many Of Her State Law Claims.................. 16

    F.   The Court Should Not Grant Plaintiff Leave To Amend ................... 21

V.    CONCLUSION ................................................................................. 22

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

i

DEFENDANT CAA'S JOINDER AND MOTION TO DISMISS

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5

*Albrecht v. Lund*,
 845 F.2d 193 (9th Cir. 1988) ............................................................. 21

6

*Am. Master Lease LLC v. Idanta Partners, Ltd.*,
7
 225 Cal. App. 4th 1451 (2014) ......................................................... 13

8

*Ashcroft v. Iqbal*,
9
 556 U.S. 662 (2009) ........................................................................ 3, 4

10

*Bell Atlantic Corp. v. Twombly*,
11
 550 U.S. 544 (2007) ........................................................................... 3

12

*Best Carpet Values, Inc. v. Google, LLC*,
13
 90 F.4th 962 (9th Cir. 2024) ........................................................ 15, 16

14

*Blachley v. Blinds to Go (U.S.) Inc.*,
 2024 WL 5185392 (C.D. Cal. Oct. 10, 2024) .................................. 13

15

*Brown v. Beatty*,
16
 2017 WL 6940518 (C.D. Cal. Nov. 9, 2017) ................................... 18

17

*In re Cloudera, Inc.*,
18
 121 F.4th 1180 (9th Cir. 2024) ............................................. 11, 12, 21

19

*Dean v. Kaiser Found. Health Plan*,
20
 562 F. Supp. 3d 928 (C.D. Cal. 2022) ............................................. 10

21

*Destfino v. Reiswig*,
22
 630 F.3d 952 (9th Cir. 2011) ............................................................ 12

23

*Dielsi v. Falk*,
24
 916 F. Supp. 985 (C.D. Cal. 1996) .............................................. 12, 18

25

*Donohue v. Apple, Inc.*,
26
 871 F. Supp. 2d 913 (N.D. Cal. 2012) ............................................. 10

27

*Douglas v. Douglas*,
 103 Cal. App. 2d 29 (1951) ................................................................ 5

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*eCash Techs., Inc. v. Guagliardo*,
   210 F. Supp. 1138 (C.D. Cal. 2000)................................................................3

*Ellison v. Robertson*,
   357 F.3d 1072 (9th Cir. 2004)...........................................................................8

*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal. 4th 797 (2005).......................................................................................5

*Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*,
   713 F. Supp. 2d 215 (S.D.N.Y. 2010).............................................................21

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
   926 F. Supp. 948 (S.D. Cal. 1996)....................................................................7

*Glen Holly Ent., Inc. v. Tektronix, Inc.*,
   100 F. Supp. 2d 1086 (C.D. Cal. 1996)...........................................................11

*Gordon v. Kaiser Found. Health Plan, Inc.*,
   2023 WL 8704724 (S.D. Cal. Dec. 15, 2023)..................................................19

*Ileto v. Glock Inc.*,
   349 F.3d 1191 (9th Cir. 2003)............................................................................3

*Intent Drivers, Inc. v. Primesolarquotes*,
   2022 WL 17080203 (C.D. Cal. Aug. 4, 2022)....................................................7

*In re iPhone Application Litig.*,
   2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)...................................................7

*Jolly v. Eli Lilly & Co.*,
   44 Cal. 3d 1103 (1988).......................................................................................5

*Jones v. Twentieth Century Studios, Inc.*,
   2023 WL 9051282 (C.D. Cal. Nov. 28, 2023)....................................................9

*Khachatryan v. 1 Hotel W. Hollywood, LLC*,
   2024 WL 3015504 (C.D. Cal. June 14, 2024)..................................................21

*Knoell v. Petrovich*,
   76 Cal. App. 4th 164 (1999)...............................................................................6

*Kodadek v. MTV Networks, Inc.*,
   152 F.3d 1209 (9th Cir. 1998)..........................................................................20

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

iii

*Laws v. Sony Music Ent., Inc.*,
    448 F.3d 1134 (9th Cir. 2006)...................................................................14, 16

*Levitt v. Yelp! Inc.*,
    765 F.3d 1123 (9th Cir. 2014).........................................................................4

*Maloney v. T3Media, Inc.*,
    853 F.3d 1004 (9th Cir. 2017).....................................................................9, 14

*McCormick v. Sony Pictures Ent.*,
    2008 WL 11336160 (C.D. Cal. Nov. 17, 2008)..............................................18

*McCrudden v. DeMarco*,
    2022 WL 2784764 (C.D. Cal. June 2, 2022)....................................................7

*Media.net Advertising FZ-LLC v. NetSeer, Inc.*,
    156 F. Supp. 3d 1052 (N.D. Cal. 2016) ....................................................14, 17

*Michaelian v. State Comp. Ins. Fund*,
    50 Cal. App. 4th 1093 (1996)...........................................................................6

*Morris v. Atchity*,
    2009 WL 463971 (C.D. Cal. Jan. 13, 2009)...................................................17

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
    6 Cal. App. 5th 1207 (2016)............................................................................6

*Nogart v. Upjohn Co.*,
    21 Cal. 4th 383 (1999)....................................................................................4

*Penpower Tech. Ltd. v. S.P.C. Tech.*,
    627 F. Supp. 2d 1083 (N.D. Cal. 2008) .........................................................20

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007).........................................................................10

*Ryoo Dental, Inc. v. Han*,
    2015 WL 4208580 (C.D. Cal. July 9, 2015) ..................................................20

*Segal v. Segal*,
    2022 WL 198699 (S.D. Cal. Jan. 21, 2022)....................................................7

*Strasberg v. Odyssey Grp., Inc.*,
    51 Cal. App. 4th 906 (1996).............................................................................5

iv

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ............................................................. 12

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008)....................................................... 17, 20

*Twelve Sixty, LLC v. Discovery, Inc.*,
    2018 WL 6038308 (C.D. Cal. June 12, 2018).................................... 19

*UMG Recordings, Inc. v. Global Eagle Ent., Inc.*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015).............................................. 12

*Ventura Cnty. Nat'l Bank v. Macker*,
    49 Cal. App. 4th 1528 (1996)............................................................... 6

*VHT, Inc. v. Zillow Grp., Inc.*,
    918 F.3d 723 (9th Cir. 2019)................................................................ 9

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
    592 F.3d 954 (9th Cir. 2010)................................................................ 4

*W. Am. Ins. Co. v. Shaghal Ltd.*,
    2022 WL 17370532 (C.D. Cal. June 23, 2022)................................... 10

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
    435 F.3d 989 (9th Cir. 2006)............................................................. 13

*Woodland v. Hill*,
    2022 WL 19250191 (C.D. Cal. Dec. 8, 2022) .............................. 13, 20

*Young Money Ent., LLC v. Digerati Holdings, LLC*,
    2012 WL 5571209 (C.D. Cal. Nov. 15, 2012)..................................... 20

*In re Zinc Antitrust Litig.*,
    155 F. Supp. 3d 337 (S.D.N.Y. 2016)................................................... 7

**Statutes**

17 U.S.C. § 102 ....................................................................................... 15

17 U.S.C. § 103 ....................................................................................... 15

17 U.S.C. § 106.............................................................................. 9, 14, 16

17 U.S.C. § 505 ....................................................................................... 22

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

v

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

Cal. Bus. & Prof. Code § 17200 ................................................................. 16, 20, 22

Cal. Civ. Proc. Code § 335.1 ...................................................................... 6

Cal. Civ. Proc. Code § 338 ...................................................................... 5, 6

Cal. Civ. Proc. Code § 339(1) ...................................................................... 6

**Court Rules**

Fed. R. Civ. P. 9(b) ................................................................................ 11, 12

Fed. R. Civ. P. 12(b)(6) ......................................................................... 3, 4

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Case No. 2:25-cv-01779-AB(KSx)

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Adrienne Love's Complaint against Defendant Creative Artists Agency, LLC ("CAA") falls short of federal pleading requirements and must be dismissed.  Shorn of its hyperbolic language and conclusory allegations, the core of Plaintiff's Complaint appears to be the claim that Defendant Rebecca Serle's ("Serle") novel *One Italian Summer* ("OIS") infringed Plaintiff's copyrighted, unpublished manuscript titled *Eat the Lemon* ("ETL").  Instead of simply asserting this garden variety copyright infringement claim, Plaintiff has sued any individual or entity with any conceivable connection to OIS or ETL to allege the existence of a vast conspiracy to infringe her copyright.  Plaintiff's gambit fails.  Not only are Plaintiff's allegations insufficient to state a claim against CAA, most of her state law claims must be dismissed as a matter of law because they are time barred and/or preempted by the Copyright Act.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, CAA moves to dismiss the Complaint.

First, CAA joins the arguments in Defendant Simon & Schuster, LLC's ("S&S") Motion to Dismiss and seeks dismissal of Plaintiff's Complaint on all bases asserted in S&S's motion.  As established in S&S's motion, Plaintiff's copyright infringement claim fails as a matter of law because the works at issue are not substantially similar, and her state law claims fail to state a claim upon which relief can be granted.

Second, many of Plaintiff's state law claims should be dismissed because they are time barred by the applicable statute of limitations.

Third, Plaintiff's Complaint must be dismissed because it constitutes impermissible lump pleading in violation of Rule 8.  Where, as here, a plaintiff sues multiple defendants, she must allege conduct by each defendant that would give rise to liability.  Here, Plaintiff vaguely asserts each cause of action against "defendants" as a group without alleging the conduct in which each Defendant

1

engaged that could serve as a basis for liability under each cause of action. Plaintiff asserts few factual allegations against CAA specifically, none of which is a basis for liability under the asserted causes of action.

Fourth, Plaintiff's Complaint falls short of federal pleading requirements because it includes little more than formulaic recitations of the elements of her various causes of action or legal conclusions couched as factual allegations. Additionally, Plaintiff's fraud-based claims do not pass muster under Rule 9's heightened pleading standard. Her claims must be dismissed for those reasons, too.

Finally, many of her state law claims must be dismissed as a matter of law because they are preempted by the Copyright Act. The preempted claims are, at bottom, restatements of Plaintiff's copyright infringement claim with the label of a state law claim slapped on them.

For all these reasons, CAA respectfully requests that the Court grant this Motion and dismiss the Complaint against it with prejudice.

## II.    **PLAINTIFF'S ALLEGATIONS**

Plaintiff asserts a copyright infringement claim and a variety of state law claims against all Defendants, including CAA, arising out of her claim that Serle's novel OIS infringed her copyright in her ETL manuscript. *E.g.*, Compl. ¶ 131.

Plaintiff makes few specific factual allegations against CAA. All the factual allegations against CAA allege conduct by two CAA literary agents: Defendants Mollie Glick ("Glick") and Andrianna deLone ("deLone"). Plaintiff's allegations against Glick are threadbare. She alleges only that (1) Plaintiff's "pitch materials," including the ETL manuscript, "were sent to . . . Glick," *id.*, ¶ 43; (2) Glick was Serle's "former agent," *id.*, ¶ 58; and (3) "Serle and Glick were promoting a film adaptation of Serle's novel 'When You Were Mine.'" *Id.*

Plaintiff alleges that, starting in April 2020, deLone was the literary agent with whom she worked on ETL. *Id.*, ¶¶ 25 & 43. Plaintiff's allegations

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

2

concerning deLone's representation of her all took place during the time deLone
was a literary agent at ICM.  *Id.*, ¶¶ 43-44 & 56.  CAA subsequently acquired ICM,
and deLone moved to CAA as part of that acquisition, without Plaintiff as a client.
*Id.*

Plaintiff claims deLone "promised" to "move forward" in "an expedited
fashion" and that on March 5, 2021, deLone submitted the ETL manuscript to
Defendant Trish Todd ("Todd") of Atria Books ("Atria").  *Id.*, ¶¶ 45 & 47.
Plaintiff alleges that deLone emailed her the OIS book announcement in January
2022.  *Id.*, ¶ 49.  Although Plaintiff does not identify deLone by name, she claims
she subsequently "reached out to her agent . . . expressing her worry that
'something was wrong,'" and that she "requested assistance from her agent to
handle the situation on multiple occasions."  *Id.*, ¶¶ 51 & 55.  Plaintiff alleges that
on April 20, 2022, deLone told Plaintiff "their trust was broken," and deLone and
ICM terminated the representation of Plaintiff, and deLone "halted all
communication."  *Id.*, ¶ 57.  Finally, Plaintiff alleges she learned that deLone's
husband "worked for Simon & Schuster" and "was Assistant to the Editor at Atria
Books."  *Id.*, ¶¶ 57 & 60.

## III.  **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the claims
asserted in the complaint."  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir.
2003).  Although "[t]he Court must accept as true all material allegations in the
complaint, as well as reasonable inferences to be drawn from them," *eCash Techs.,
Inc. v. Guagliardo*, 210 F. Supp. 1138, 1143 (C.D. Cal. 2000), a court is "not
bound to accept as true a legal conclusion couched as a factual allegation."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must plead "more than labels and
conclusions, and a formulaic recitation of a cause of action's elements will not do."
*Twombly*, 550 U.S. at 555.  A complaint "must contain sufficient allegations of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

3

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

1  underlying facts to give fair notice and to enable the opposing party to defend itself

2  effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (internal

3  quotation marks omitted).

4      To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

5  sufficient factual matter that, when accepted as true, states a claim that is plausible

6  on its face. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the

7  plaintiff pleads factual content that allows the court to draw the reasonable

8  inference that the defendant is liable for the misconduct alleged." *Id.* "Where a

9  complaint pleads facts that are merely consistent with a defendant's liability, it

10  stops short of the line between possibility and plausibility of entitlement to relief."

11  *Id.* (internal quotation marks and citation omitted).

12  **IV.  ARGUMENT**

13      **A.  CAA's Joinder In S&S's Motion To Dismiss**

14      CAA joins the arguments S&S makes in its Motion to Dismiss and seeks

15  dismissal of Plaintiff's Complaint on all bases asserted in S&S's motion. In its

16  motion, S&S seeks dismissal of Plaintiff's copyright infringement claim on the

17  ground that the works at issue are not substantially similar as a matter of law. S&S

18  also seeks dismissal of Plaintiff's claims under state law for failure to state a claim

19  upon which relief can be granted. In addition to S&S's arguments, CAA sets forth

20  below additional bases to dismiss Plaintiff's Complaint.

21      **B.  Many of Plaintiff's State Law Claims Are Time-Barred**

22      A defendant may move to dismiss claims under Federal Rule of Civil

23  Procedure 12(b)(6) as time barred when "the running of the statute [of limitations]

24  is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of*

25  *Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted).

26      California courts apply the discovery rule to determine whether state law

27  claims are time barred. Under the discovery rule, a cause of action accrues when

28  the plaintiff discovers, or has reason to discover, the cause of action. *Nogart v.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

4

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

*Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).  The discovery rule does not require absolute certainty for a cause of action to accrue.  *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  Courts "look to whether the plaintiff[] ha[d] reason *to at least suspect* that a type of wrongdoing ha[d] injured [her]."  *Id.* (emphasis added).  Under California law, "[s]o long as a *suspicion* exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988) (emphasis added).

Here, the face of Plaintiff's Complaint makes apparent that she was on inquiry notice of Serle's alleged copying of her manuscript on January 18, 2022. Plaintiff filed her Complaint on February 28, 2025.  Plaintiff alleges that on January 18, 2022, more than three years before she filed her Complaint, deLone "emailed an announcement for OIS to [Plaintiff], something she had never done in the past."  Compl., ¶ 49.  Tellingly, Plaintiff alleges that she "*immediately thought* the summary of the novel sounded *remarkably similar* to ETL."  *Id.* (emphasis added).  Plaintiff's own allegations show that she strongly suspected copying as of January 18, 2022.

Many of Plaintiff's state law claims are duplicative of her copyright infringement claim, with the label of a state law cause of action slapped on.  *See infra*, § IV.E (explaining that these duplicative state law claims are also preempted by the Copyright Act)  Because these state law claims arise out of the alleged copying of ETL, they accrued on January 18, 2022, when Plaintiff was on inquiry notice of the alleged copying.  Therefore, the following state law claims are time barred and subject to dismissal:

- Claims duplicative of copyright infringement subject to a three-year statute of limitations:  **(1) conversion**, Cal. Civ. Proc. Code § 338(c)(1), *Strasberg v. Odyssey Grp., Inc.*, 51 Cal. App. 4th 906, 915 (1996); and **(2) constructive trust**, *id.* § 338(d), *Douglas v. Douglas*, 103 Cal. App. 2d 29, 32 (1951) ("If the complaint be considered as an action to terminate a

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

5

DEFENDANT CAA'S JOINDER AND MOTION TO DISMISS

constructive trust, the general demurrer was properly sustained on the

ground that the action was brought more than three years after the fraudulent

transfer and after appellant first acquired knowledge thereof."); *Michaelian*

*v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1114 (1996) ("A cause of

action for constructive trust is not based on the establishment of a trust, but

consists of fraud, breach of fiduciary duty or other act which entitles plaintiff

to some relief.  Relief, in a proper case, may be to make the defendant a

constructive trustee with a duty to transfer to the plaintiff.").

- Claims duplicative of copyright infringement subject to a two-year statute of
  limitations:  **(1) promissory estoppel** (oral promise), Cal. Civ. Proc. Code
  § 339(1), *Newport Harbor Ventures, LLC v. Morris Cerullo World
  Evangelism*, 6 Cal. App. 5th 1207, 1224 (2016); **(2) intentional
  interference with contractual relations**, Cal. Civ. Proc. Code § 339(1),
  *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999); **(3) tortious
  interference with business advantage**, Cal. Civ. Proc. Code § 339(1),
  *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999); **(4) negligence**, Cal.
  Civ. Proc. Code § 335.1; and **(5) intentional infliction of emotional
  distress**, Cal. Civ. Proc. Code § 335.1.

Plaintiff's fraud-based claims are also time barred.  The limitations period

for intentional misrepresentation is three years.  Cal. Civ. Proc. Code § 338(d).

Plaintiff does not allege any misrepresentation by CAA or its agents after February

28, 2022 upon which she could base her intentional misrepresentation claim.

Therefore, the claim is time barred.  Negligent misrepresentation claims have a

limitations period of two years, *Ventura Cnty. Nat'l Bank v. Macker*, 49 Cal. App.

4th 1528, 1529 (1996), and Plaintiff does not allege any misrepresentation by CAA

after February 28, 2023 upon which she could base her claim.  Her negligent

misrepresentation claim is time barred as well.

//

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

### C.    Plaintiff's Complaint Violates Rule 8

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A plaintiff suing multiple defendants must allege the basis of her claim against each defendant to satisfy Rule 8(a)(2)."  *Segal v. Segal*, 2022 WL 198699, at *6 (S.D. Cal. Jan. 21, 2022) (internal quotation marks and alterations omitted) (dismissing claims because plaintiff asserted them against all defendants without differentiation in violation of Rule 8).  Although a plaintiff "need not provide detailed factual allegations to comply with Rule 8(a)(2), specific identification of the parties to the activities alleged by plaintiffs is required . . . to enable the defendant to plead intelligently."  *Id.* (internal quotation marks and alterations omitted).  *See also In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs' failure to allege what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff's allegations.").  "Mere generalizations as to any particular defendant—or even defendants as a group—are insufficient."  *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) (citing *Twombly*, 550 U.S. at 555-56).  Accordingly, a complaint which "lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)."  *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (E.D. Wis. 1975)).

The standard for alleging copyright infringement claims is no different.  Copyright infringement plaintiffs must make clear which allegations they assert against each defendant.  *Intent Drivers, Inc. v. Primesolarquotes*, 2022 WL 17080203, at *7 (C.D. Cal. Aug. 4, 2022) (granting motion to dismiss copyright claim where "Plaintiff has not made clear which allegations of infringement it is alleging against each Defendant").  *McCrudden v. DeMarco*, 2022 WL 2784764, at

7

*4 (C.D. Cal. June 2, 2022) (granting motion for more definite statement where "the Complaint does not allege facts showing each defendant's personal involvement in the wrongful acts alleged" and "improperly lump[ing] together Defendants such that they do not have fair notice of the allegations against them.").

Plaintiff's Complaint, including each claim for relief, is subject to dismissal on this ground alone. Plaintiff asserts all her causes of action against "Defendants" globally without stating which Defendants engaged in which acts or omissions, let alone when or how. Compl., ¶¶ 127-245. This problem is particularly acute as to CAA who is not alleged to have engaged in any copying of Plaintiff's manuscript, or engaged in any other conduct that could conceivably—let alone plausibly—give rise to liability. As for deLone, Plaintiff merely alleges that she served as Plaintiff's literary agent, *id.*, ¶¶ 9 & 25, sent Plaintiff's manuscript to Atria Books, *id.*, ¶ 47, sent Plaintiff the book announcement for the allegedly infringing work, OIS, *id.*, ¶ 49, and ended her business relationship with Plaintiff. *Id.*, ¶¶ 56 &57. As for Glick, Plaintiff alleges only that she was Serle's "former agent," *id.*, ¶¶ 24 & 58, that Plaintiff's manuscript was sent to Glick, *id.*, ¶¶ 44, and that Glick was allegedly promoting a film adaption of a *different, not presently relevant* novel by Serle. *Id.*, ¶ 58. These bare bones allegations concerning the CAA agents do not give rise to liability. Plaintiff's assertion of claims against all Defendants without allegations specific to the CAA Defendants requires dismissal under Rule 8.

## D.    **Plaintiff's Allegations Fall Short Of Federal Pleading Requirements**

### 1.    Plaintiff's Copyright Infringement Claim Against CAA Must Be Dismissed

The Ninth Circuit "recognizes three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    "To prove a claim of direct copyright infringement, a plaintiff must show

2  that he owns the copyright and that the *defendant himself* violated one or more of

3  the plaintiff's exclusive rights under the Copyright Act." *Id.* (emphasis added).

4  The Complaint does not allege that the CAA Defendants directly copied ETL. *See*

5  *Jones v. Twentieth Century Studios, Inc.*, 2023 WL 9051282, at *8 (C.D. Cal. Nov.

6  28, 2023) (direct copyright infringement claim failed because "there [was] a lack

7  of evidence that Defendants copied the original elements" of the work nor was

8  there circumstantial evidence of copying).  Indeed, Plaintiff alleges OIS, the

9  infringing work, was written by Defendant Rebecca Serle and published by Atria

10  Books.  Compl., ¶¶ 39 & 59.  Plaintiff has not alleged unauthorized distribution by

11  CAA either.  She alleges that deLone sent the ETL manuscript to Defendant Trish

12  Todd of Atria Books, but she does not allege that deLone was not authorized to do

13  so.  *Id.*, ¶ 47.  In fact, as Plaintiff's literary agent, deLone was authorized to submit

14  her manuscript to publishers.  That was her job.  As for Glick, Plaintiff makes no

15  allegation that Glick even read her manuscript, much less infringed her copyright

16  by copying or improperly distributing her manuscript.  Plaintiff does not allege that

17  CAA directly violated any of Plaintiff's exclusive rights[1] in ETL as the copyright

18  holder.

19    The Ninth Circuit also recognizes two theories of indirect liability for

20  copyright infringement:  vicarious infringement and contributory infringement.  To

21  state a claim for vicarious copyright infringement, Plaintiff must allege that

22  Defendant "has (1) the right and ability to supervise the infringing conduct and (2)

23  a direct financial interest in the infringing activity." *VHT, Inc. v. Zillow Grp., Inc.*,

24  918 F.3d 723, 746 (9th Cir. 2019).  A defendant "contributorily infringes when he

25

26  [1] "The Copyright Act affords copyright owners the 'exclusive rights' to display,
    perform, reproduce, or distribute copies of a copyrighted work, to authorize others

27  to do those things, and to prepare derivative works based on the copyrighted
    work." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (quoting

28  17 U.S.C. § 106).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

(1) has knowledge of another's infringement and (2) either (a) materially
contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv.
Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

The Complaint is devoid of factual allegations upon which Plaintiff could
base a claim of vicarious or contributory copyright infringement against CAA.
Plaintiff does not allege—nor could she—that the CAA Defendants have the right
to supervise Serle or Atria Books, seemingly the alleged direct infringers.  Nor
does Plaintiff allege that the CAA Defendants had knowledge of infringing activity
nor that they materially contributed to or induced the infringing conduct of another.

2.      Plaintiff's State Law Claims Against CAA Must Be Dismissed

Plaintiff's pleading of her state law causes of action falls short of federal
pleading requirements.  Her allegations consist of impermissible formulaic
recitations of the elements of the causes of action, devoid of factual allegations that
could render her claims plausible, particularly as to the CAA Defendants.  The
CAA Defendants join S&S's arguments seeking dismissal of each state law cause
of action on the ground that they are insufficiently plead.  CAA sets forth
additional bases to dismiss certain state law claims below.

***Breach of Contract Claim.***  To satisfy federal pleading requirements, a
plaintiff asserting a breach of contract claim must plead the existence of a contract,
her performance or excuse for nonperformance, and the defendant's breach and
resulting damages.  *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal.
2012).  Additionally, the "complaint must identify the specific provision of the
contract allegedly breached by the defendant."  *Id.  See also Dean v. Kaiser Found.
Health Plan*, 562 F. Supp. 3d 928, 935 (C.D. Cal. 2022) (concluding that breach of
contract claim was insufficiently pleaded where plaintiffs "failed to identify
express promises or legal duties in the settlement agreement Defendants
breached"); *W. Am. Ins. Co. v. Shaghal Ltd.*, 2022 WL 17370532, at *2 (C.D. Cal.
June 23, 2022) (dismissing breach of contract claim where plaintiff failed to

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

10

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

"identify any specific terms or provisions of the agreement" not fulfilled).

Plaintiff asserts a boilerplate breach of contract claim against CAA, but does not allege any contract between Plaintiff, on the one hand, and the CAA Defendants, on the other. Compl., ¶¶ 147-51. Plaintiff's breach of contract claim is insufficiently pleaded and must be dismissed.

***Promissory Estoppel Claim.*** To state a claim for promissory estoppel, a plaintiff must plead: (1) the existence of a promise; (2) that the promisor reasonably should have expected to induce the promisee's reliance; (3) that the promise actually induced such reliance; (4) that such reliance is reasonable; and (5) that injustice can be avoided only by enforcement of the promise. *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1095 (C.D. Cal. 1996). Only "clear and unambiguous" promises are enforceable under a theory of promissory estoppel; by contrast, "a promise that is vague, general or of indeterminate application is not enforceable." *Id.* (internal quotation marks omitted).

Plaintiff bases her promissory estoppel claim upon just the kind of vague and indeterminate promise that is not enforceable by promissory estoppel claim. Compl., ¶ 153. She claims that "Defendants made promises . . . that the intellectual property owned by Plaintiff would be duly managed and cared for by Defendants" and that "Defendants [promised] to be responsible for the protection and distribution of profits generated by the property." *Id.* Plaintiff has not alleged an actionable promise; her promissory estoppel claim must be dismissed.

***Fraud-Based Claims.*** The Federal Rules of Civil Procedure set forth a heightened pleading standard for fraud claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct alleged." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (internal quotation marks omitted). The complaint must provide "an account of the time,

V**ENABLE** LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

11

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

place, and specific content of the false representations as well as the identities of
the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764
(9th Cir. 2007) (per curiam) (internal quotation marks omitted).  The complaint
must explain what is false or misleading about the purportedly fraudulent
statement, and why it is false.  *In re Cloudera*, 121 F.4th at 1187.

When several defendants are sued in connection with alleged fraud, plaintiff
must "inform each defendant separately of the allegations surrounding his alleged
participation in the fraud." *Swartz*, 476 F.3d at 764-65.  Allegations that "everyone
did everything" justify dismissal of the complaint.  *Destfino v. Reiswig*, 630 F.3d
952, 958 (9th Cir. 2011).  When a complaint alleges a corporation committed
fraud, the complaint "must allege the names of the employees or agents who
purportedly made the fraudulent representations or omissions, or at a minimum
identify them by their titles and/or job responsibilities." *UMG Recordings, Inc. v.
Global Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015).

Here, Plaintiff's intentional and negligent misrepresentation claims fall far
short of federal pleading requirements for fraud.  Plaintiff does not allege ***any***
specific false representations, let alone who made them or when they were made.
Instead, she makes the vague assertion that each Defendant "misrepresented orally
and/or in writing that it would care for Love's ETL Work and related intellectual
property[.]" Compl., ¶ 174.  This vague allegation is plainly insufficient under
Rule 9(b).  *See also UMG Recordings*, 117 F. Supp. 3d at 1109-12 (dismissing
fraud and negligent misrepresentation claims where counterclaimants made only
conclusory allegations and "fail[ed] to allege any false representation or promise");
*Dielsi v. Falk*, 916 F. Supp. 985, 995 n.12 (C.D. Cal. 1996) ("mere conclusory
allegations of fraud, such as those described in Plaintiff's current Complaint, are
insufficient under Rule 9").  These claims must be dismissed on that basis.

***Conspiracy Claim.***  First, because civil conspiracy does not set forth an
independent cause of action, but rather a theory of liability, a conspiracy claim is

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

12

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1   only sustainable after an underlying tort claim has been established.  *Am. Master*

2   *Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1474 (2014).

3   Plaintiff's conspiracy claim merely alleges conspiracy to infringe her copyright in

4   the ETL manuscript.  Compl., ¶ 222.  But for the reasons explained above, Plaintiff

5   has failed to state a copyright infringement claim against CAA.  Without an

6   underlying tort, Plaintiff's conspiracy claim fails.

7        Second, Plaintiff fails to allege the elements of a conspiracy claim under

8   California law.  Under California law, to state a cause of action for conspiracy, the

9   complaint must allege (1) the formation and operation of the conspiracy, (2) the

10  wrongful act or acts done pursuant thereto, and (3) the damage resulting from such

11  act or acts.  *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th

12  Cir. 2006).  The Complaint does not allege the formation and operation of the

13  conspiracy, outside of insufficient bare bones assertions.  *Blachley v. Blinds to Go*

14  *(U.S.) Inc.*, 2024 WL 5185392, at *6 (C.D. Cal. Oct. 10, 2024) ("Plaintiff's

15  conclusory allegations of an agreement to conspire, without facts regarding who

16  allegedly agreed, when, or where the agreement took place, the role of each

17  Defendant in the conspiracy, the scope of the conspiracy, and how the conspiracy

18  operated, is insufficient to state a claim for conspiracy.").  Plaintiff does not allege

19  who entered into the conspiracy, when, where, or what role each alleged

20  conspirator played.  *See* Compl., ¶ 46 ("On information and belief, a network of

21  conspirators including some of Love's trusted advisors had other plans to have the

22  ETL story be told by Defendant Rebecca Serle, a well-known author, to facilitate a

23  presumptively greater financial reward from using Serle's name in an infringing

24  publication and movie deal.").  Plaintiff has not stated a claim for conspiracy with

25  these vague and barebones allegations.

26      ***Declaratory Relief Claim.***  Claims for declaratory relief are subject to

27  dismissal where adequate forms of remedy at law are available.  *Woodland v. Hill*,

28  2022 WL 19250191, at *5 (C.D. Cal. Dec. 8, 2022) (Birotte, J.) (dismissing

13

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

1   declaratory relief claim where the relief sought was "entirely commensurate with

2   the relief sought through his copyright infringement claim").  Plaintiff's

3   declaratory relief claim seeks relief duplicative of that available under the

4   Copyright Act and is, therefore, unnecessary and subject to dismissal.  Compl.,

5   ¶¶ 242-43 (asking the Court "to clarify and [sic] the obligations and responsibilities

6   of Defendants" with respect to "agreements for the economic advantage of Love's

7   copyrights and other valuable assets").

8   **E.**    **The Copyright Act Preempts Most Of Plaintiff's State Law**

9   **Claims, Requiring Their Dismissal**

10      "The Copyright Act affords copyright owners the 'exclusive rights' to

11   display, perform, reproduce, or distribute copies of a copyrighted work, to

12   authorize others to do those things, and to prepare derivative works based on the

13   copyrighted work." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir.

14   2017) (quoting 17 U.S.C. § 106).  "The copyright is the right to control the work,

15   including the decision to make the work available or to withhold it from the

16   public." *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006).

17      "Copyright preemption is both explicit and broad[.]" *Media.net Advertising*

18   *FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1069 (N.D. Cal. 2016) (internal

19   quotation marks omitted).  "Section 301 of the [Copyright] Act seeks to preempt

20   and abolish any rights under the common law or statutes of a State that are

21   equivalent to copyright and that extend to works, so long as the rights fall within

22   the scope of Federal copyright law." *Maloney*, 853 F.3d at 1010 (internal

23   quotation marks omitted).

24      1.    The Subject Matter Of Many Of Plaintiff's State Law Claims Is

25      Copyright Infringement

26      The Ninth Circuit has adopted a two-part test to determine whether a state

27   law claim is preempted by the Copyright Act.  *Id.*  First, the Court must "decide

28   whether the subject matter of the state law claim falls within the subject matter of

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

14

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

copyright as described in 17 U.S.C. §§ 102 and 103." *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 971 (9th Cir. 2024). The preemption analysis should not focus on "the nature of the *complained of action* when copyrightability—and, by extension, the preemption analysis—must focus on the nature of the *right at issue*." *Id.* at 972 (emphasis in original).

"The subject matter of copyright encompasses original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." *Id.* at 971 (internal quotation marks omitted). The Copyright Act protects literary works. 17 U.S.C. § 102(a). Plaintiff's ETL work is a literary work, the protection of which is squarely within the subject matter of the Copyright Act. Compl., ¶¶ 33-34, 127-28.

Here, Plaintiff has alleged the following state law claims such that their subject matter is the alleged copyright infringement: **(1) promissory estoppel**, Compl., ¶ 153 (Defendants allegedly promised to manage and care for Plaintiff's intellectual property); **(2) intentional interference with contractual relationship**, *id.*, ¶ 158 (Defendants allegedly interfered with "contracts related to Plaintiff's ETL manuscript"); **(3) tortious interference with prospective business advantage**, *id.*, ¶¶ 165-66 (Defendants allegedly intentionally interfered with "economic relationships related to [Plaintiff's] ETL manuscript" which "would have resulted in an economic benefit to Plaintiff because of the windfall of benefits taken by Defendants who copied her intellectual property"); **(4) negligence**, *id.*, ¶ 199 ("Plaintiff was harmed because she lost the rights to control her own intellectual property"); **(5) conversion**, *id.*, ¶ 204 ("Defendants have interfered with Plaintiff's intellectual property, in a way beyond what was agreed upon by the parties."); **(6) intentional infliction of emotional distress**, *id.*, ¶ 210 ("Defendants['] conduct was outrageous because they took not just her intellectual property, but her own personal story that she lived and stole all money from its

V ENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

15

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

**Venable LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

theft and sale.”); **(7) conspiracy**, *id.*, ¶ 222 (“Plaintiff alleges two or more [of] the Defendants agreed to convert the ETL manuscript to their own and for their own benefit through various deceptive acts to obtain access and benefits derived from Plaintiff’s intellectual property.”); **(8) Business & Professions Code § 17200**, *id.*, ¶¶ 226-28 (incorporating by reference all preceding paragraphs of the Complaint, most of which attempt to allege copyright infringement); **(9) accounting**, *id.*, ¶ 230 (alleging Defendants failed to account for money generated from “improperly accept[ing] the benefit of the intellectual property belonging to Plaintiff”); and **(10) constructive trust**, *id.*, ¶¶ 235 & 237 (alleging Defendants “are involuntary trustees” because they allegedly took Plaintiff’s intellectual property) (collectively, the “Preempted State Law Claims”).

The liability alleged in the Preempted State Law Claims is premised on violation of Plaintiff’s rights to ETL by virtue of her copyright.  The first part of the preemption test is satisfied here.

2. <u>Plaintiff Asserts Rights Equivalent to Copyright Infringement In Many Of Her State Law Claims</u>

As for the second part of the test, “assuming it [concludes that the first part of the test is met], [the Court must] determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders.”  *Best Carpet Values*, 90 F.4th at 971 (internal quotation marks omitted).  “To survive preemption, the state cause of action must protect rights which are *qualitatively different* from the copyright rights.”  *Id.* at 972 (emphasis added) (internal quotation marks omitted).  “In this way, the state claim must have an extra element which changes the nature of the action.”  *Id.* (internal quotation marks omitted).  The mere presence of an additional element is not sufficient to qualitatively distinguish a state law claim from a copyright action if the state law claim “is not materially different from a claim for copyright infringement[.]”  *Laws*, 448 F.3d at 1144.  Instead, the

16

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

plaintiff's allegations related to the extra element(s) must qualitatively change the claim so that it is not protecting rights equivalent to those protected by the Copyright Act.  *E.g.*, *Media.net*, 156 F. Supp. 3d at 1072-73 ("The question is whether the added element *qualitatively* changes the nature of the claim.").  In other words, claims cannot survive preemption when they are "merely copyright claims dressed up to look like state law claims."  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (internal quotation marks omitted).  The Preempted State Law Claims meet the second part of the preemption test because none is qualitatively different from Plaintiff's copyright infringement claim.

CAA addresses each Preempted State Law Claim in turn with respect to the second part of the test:

***Promissory Estoppel.***  A promissory estoppel claim is preempted where the alleged promise is not to violate the rights a plaintiff has by virtue of her copyright.  *Morris v. Atchity*, 2009 WL 463971, at *10 (C.D. Cal. Jan. 13, 2009) (dismissing promissory estoppel claim as preempted).  Plaintiff's promissory estoppel claim boils down to the assertion that Defendants are liable for breaking a promise not to inappropriately distribute or provide unauthorized access to Plaintiff's ETL manuscript.  Compl., ¶ 153 (alleged promises were to "duly manage[] and care[] for" "the intellectual property owned by Plaintiff").  There is no qualitative difference between the rights asserted in the promissory estoppel claim and those asserted in the copyright infringement claim.  Plaintiff's promissory estoppel claim is merely a repackaged copyright infringement claim and is, therefore, preempted.

***Contract-based tort claims.***  Contract-based torts that are not qualitatively different from copyright infringement claims are preempted.  *Media.net*, 156 F. Supp. 3d at 1073 ("Plaintiff's intentional interference with economic advantage claim is predicated on Defendant's unauthorized copying of Plaintiff's HTML code, in violation of its statutory rights under the Copyright Act" and "[a]s a result,

17

it is not qualitatively different from Plaintiff's copyright infringement claims."). Based on what CAA can discern from Plaintiff's formulaic allegations, Plaintiff's intentional interference with contractual relations and tortious interference with business advantage claims are not qualitatively different from her copyright infringement claim. She claims that "Defendants" interfered with unspecified contracts and "economic relationships" "related to Plaintiff's ETL manuscript." Compl., ¶¶ 158 & 165. Plaintiff has dressed up copyright infringement allegations with the words of contract-related tort elements. These claims are preempted.

*Negligence.* Affixing a "negligence" label to a claim that otherwise targets the same conduct and injuries as the copyright infringement claim "does not add an additional element" as required to avoid preemption. *Dielsi*, 916 F. Supp. at 992-92 (internal quotation marks omitted). *See also McCormick v. Sony Pictures Ent.*, 2008 WL 11336160, at *10 (C.D. Cal. Nov. 17, 2008) ("Because McCormick's reference to negligence depends on acts of unauthorized reproduction, performance, distribution, or display—already proscribed by the Copyright Act— the claim is preempted."). Based on what CAA can discern from Plaintiff's formulaic allegations, Plaintiff's negligence claim is duplicative of her copyright infringement claims and, thus, is preempted. Compl., ¶ 199 ("Plaintiff was harmed because she lost the rights to control her own intellectual property, and did not receive any monies, goodwill, or any benefit from their sale, use, or control by Defendants.").

*Conversion.* Where a conversion claim only "seek[s] damages from a defendant's reproduction of a work—and not the actual return of a physical piece of property—the claim is preempted." *Brown v. Beatty*, 2017 WL 6940518, at *6 (C.D. Cal. Nov. 9, 2017). *See also Dielsi*, 916 F. Supp. at 992 (conversion claim preempted because it was based on the allegation that defendants wrongfully used and distributed plaintiff's work of authorship). Here, Plaintiff's conversion claim is preempted because it is not qualitatively different from her copyright

18

infringement claim.  Compl., ¶ 204 ("Defendants have interfered with Plaintiff's

intellectual property, in a way beyond what was agreed upon by the parties.").

*Intentional Infliction of Emotional Distress ("IIED").*  Where the conduct

causing the alleged emotional distress is rooted in a defendant's unauthorized use

of intellectual property, the IIED claim is preempted.  *Gordon v. Kaiser Found.*

*Health Plan, Inc.*, 2023 WL 8704724, at *7-*8 (S.D. Cal. Dec. 15, 2023)

("Because the conduct causing the severe emotional distress is rooted in

Defendants' unauthorized use of Gordon's Workbook, her IIED and NIED claims

are preempted.").  Here, Plaintiff's IIED claim is preempted because the alleged

copyright infringement was the alleged outrageous conduct.  Compl., ¶ 210

("Defendants['] conduct was outrageous because they took not just her intellectual

property, but her own personal story that she lived and stole all the money from its

theft and sale.").

*Conspiracy.*  The Copyright Act already recognizes the concepts of

contributory infringement and vicarious infringement, theories of liability which

extend liability to those who participate in copyright infringement.  *Twelve Sixty,*

*LLC v. Discovery, Inc.*, 2018 WL 6038308, at *3 (C.D. Cal. June 12, 2018).  "[A]

civil conspiracy claim does not add substantively to the underlying federal

copyright claim and should therefore be preempted."  *Id.* (quoting *Benke v.*

*Departure Agency, Inc.*, 2011 WL 13129964, at *2 (C.D. Cal. Aug. 11, 2011)

(concluding that Copyright Act preempted claim for conspiracy to infringe)).

Here, Plaintiff alleges a conspiracy to infringe her ETL manuscript.  Compl., ¶ 222

("Plaintiff alleges that two or more [of] the Defendants agreed to convert the ETL

manuscript to their own and for their own benefit through various deceptive acts to

obtain access and benefits derived from Plaintiff's intellectual property.").

Plaintiff merely attempts to state a contributory or vicarious infringement claim—

theories of liability recognized by the Copyright Act, and which have specific

elements—as a state law conspiracy claim.  Plaintiff's state law conspiracy cause

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

19

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

1  of action is, therefore, preempted.

2      ***Unfair Competition.***  Courts have concluded that claims under the

3  California Business & Professions Code § 17200 are preempted by the Copyright

4  Act where the plaintiff attempts to enforce the same rights protected by the

5  Copyright Act with Section 17200.  *Sybersound*, 517 F.3d at 1152 ("To the extent

6  the improper business act complained of is based on copyright infringement, the

7  claim was properly dismissed because it was preempted."); *Kodadek v. MTV*

8  *Networks, Inc.*, 152 F.3d 1209, 1212-13 (9th Cir. 1998); *Penpower Tech. Ltd. v.*

9  *S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1091-92 (N.D. Cal. 2008).  Here, Plaintiff has

10  repackaged her copyright infringement claim as a Section 17200 claim, and, as a

11  result, the Copyright Act preempts it.  Compl., ¶ 227 (alleging Defendants

12  "engag[ed] in unfair business practices that were intended to and did essentially

13  steal and convert Plaintiff funds to Defendants' possession by way of fraudulent

14  purpose and means").

15      ***Accounting.***  Accounting claims are preempted where a plaintiff fails to

16  allege an "extra element" making the claim qualitatively different from a copyright

17  infringement claim.  *Woodland*, 2022 WL 19250191, at *6 (dismissing accounting

18  claim because plaintiff failed to plead an "extra element" differentiating it from

19  copyright infringement); *Ryoo Dental, Inc. v. Han*, 2015 WL 4208580, at *4 (C.D.

20  Cal. July 9, 2015) (dismissing accounting claim as preempted by the Copyright

21  Act); *Young Money Ent., LLC v. Digerati Holdings, LLC*, 2012 WL 5571209, at *9

22  (C.D. Cal. Nov. 15, 2012) (accounting claim preempted by Copyright Act).  Here,

23  Plaintiff's accounting claim, which seeks an accounting to determine the amount of

24  money Plaintiff is owed because of Defendants' alleged copyright infringement, is

25  preempted because the Copyright Act already affords Plaintiff an adequate means

26  to calculate her damages.  *Young Money*, 2012 WL 5571209, at *9.

27      ***Constructive Trust.***  Claims for imposition of a constructive trust based on

28  copyright infringement do not satisfy the "extra element" test and are, thus,

20

Venable LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT CAA'S JOINDER AND
MOTION TO DISMISS

preempted by the Copyright Act. *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 222 (S.D.N.Y. 2010). Here, Plaintiff's constructive trust claim is based upon claims of copyright infringement and is, thus, preempted. Compl., ¶ 235 ("Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have taken Plaintiff's intellectual property, goodwill, and monies generated therefrom by fraudulent and illegal means, in the manner alleged herein.").

### F.      The Court Should Not Grant Plaintiff Leave To Amend

Denying leave to amend a pleading is appropriate where it is clear amendment would be futile. *In re Cloudera*, 121 F.4th at 1189-90 (affirming denial of leave to amend where further amendment would be futile). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Khachatryan v. 1 Hotel W. Hollywood, LLC*, 2024 WL 3015504, at *3 (C.D. Cal. June 14, 2024) (internal quotation marks omitted) (dismissing causes of action preempted by the Copyright Act without leave to amend). Leave to amend is properly denied where the claim cannot survive as a matter of law regardless of any additional facts that a plaintiff might allege. *See Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988).

Plaintiff's copyright infringement claim should be dismissed without leave to amend for the reasons stated in S&S's Motion to Dismiss. Specifically, Plaintiff's copyright infringement claim fails because the works are not substantially similar as a matter of law. Additional factual allegations cannot make the works substantially similar.

Additionally, as explained above, most of Plaintiff's state law claims should be dismissed without leave to amend because they are either time barred, preempted by the Copyright Act, or both. Those claims are promissory estoppel (both); intentional interference with contractual relations (both); tortious

**Venable LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANT CAA'S JOINDER AND MOTION TO DISMISS

1  interference with prospective business advantage (both); intentional

2  misrepresentation (time barred); negligent misrepresentation (time barred);

3  negligence (both); conversion (both); intentional infliction of emotional distress

4  (both); conspiracy (preempted); Business & Professions Code § 17200

5  (preempted); accounting (preempted); and constructive trust (both).  Plaintiff's

6  claim for declaratory relief must also be dismissed without leave to amend because

7  Plaintiff has an adequate remedy at law:  her copyright infringement claim.

8  Plaintiff cannot plead around these defects.  Leave to amend should not be granted

9  because it would be futile.

10  **V.    CONCLUSION**

11       For the foregoing reasons, CAA respectfully requests that the Court dismiss

12  Plaintiff's claims against it with prejudice and award it its costs and reasonable

13  attorneys' fees pursuant to 17 U.S.C. § 505, for which it will move by subsequent

14  motion.

15

16   Dated:  July 30, 2025                        VENABLE LLP

17                                        By:   */s/ Michael B. Garfinkel*

18                                              Michael B. Garfinkel
                                                Matthew M. Wallace
19                                              *Attorneys for Defendant Creative*

20                                              *Artists Agency, LLC*

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

22

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant Creative Artists Agency, LLC certifies that this brief contains 6,859 words, which complies with the word limit of L.R. 11-6.1.

Dated:  July 30, 2025                           VENABLE LLP

                                        By:    */s/ Michael B. Garfinkel*
                                               Michael B. Garfinkel
                                               Matthew M. Wallace
                                               *Attorneys for Defendant Creative*
                                               *Artists Agency, LLC*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

23