Jean-Paul Jassy (SBN 205513)
   jpjassy@jassyvick.com
**Jassy Vick Carolan LLP**
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

David S. Korzenik (*pro hac vice* forthcoming)
   dkorzenik@mkslex.com
**Miller Korzenik Rayman LLP**
1501 Broadway, Suite 2015
New York, NY 10036
Telephone: (212) 752-9200
Facsimile: (212) 688-3996

*Attorneys for Defendants Folio Literary Management, Jeff Kleinman, and Erin Harris*

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE LOVE,<br><br>        Plaintiff,<br><br>vs.<br><br>AIRBNB, INC. et al.,<br><br>        Defendants. | Case No. 2:25-cv-01779-AB(KSx)<br><br>Honorable Andre Birotte Jr.<br><br>**DEFENDANTS FOLIO LITERARY AGENCY, JEFF KLEINMAN, AND ERIN HARRIS' NOTICE OF JOINDER IN SIMON & SCHUSTER LLC, AND CREATIVE ARTIST AGENCY LLC's MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date:  November 21, 2025<br>Hearing Time:  10 a.m.<br>Courtroom:     7B |

# NOTICE OF JOINDER AND MOTION AND JOINDER AND MOTION

**PLEASE TAKE NOTICE** that at 10 a.m. November 21, 2025, or as soon thereafter as counsel may be heard before the Honorable André Birotte Jr. in Courtroom 7B of the United States District Court for the Central District of California, United States Courthouse, 350 W. First Street, Los Angeles, Calif., 90012, Defendants Folio Literary Management (misnamed as Folio Literary Agency), Jeff Kleinman, and Erin Harris (the "Folio Defendants") will and in this motion do move this Court for an order dismissing with prejudice the First Amended Complaint of Plaintiff Adrienne Love.

This motion is based on Plaintiff's failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Specifically, the FAC should be dismissed in its entirety because:

1. Plaintiff has failed to state a claim because the FAC does not allege any specific facts as to the Folio Defendants that could establish liability for copyright infringement or for any of the state law claims; and
2. Plaintiff has failed to allege any basis for this Court to exercise personal jurisdiction over the Folio Defendants.

In addition, the Folio Defendants join Defendant Simon & Schuster LLC's Motion to Dismiss in its entirety and seek dismissal on the grounds set forth in that motion: that the claim for copyright infringement fails because there is no substantial similarity of protected expression between the two works at issue and that the FAC's state law claims fail because each is based on a purported conspiracy to commit and conceal copyright infringement but no infringement occurred.

The Folio Defendants further join Defendant Creative Artist Agency LLC's Motion to Dismiss in its entirety and seek dismissal on the grounds set forth in that motion: that many of the FAC's state law claims are untimely; that the FAC violates Rule 8 by failing to allege the basis for each claim against each defendant; that most

of the state law claims are preempted by the Copyright Act; that the FAC's fraud-based and conspiracy claims are insufficiently pleaded; and that the FAC's declaratory relief claim must be dismissed as a matter of law.

These co-defendants' motions are scheduled to be heard by this Court at 10 a.m. on October 31, 2025.

This Motion is based on this Notice of Joinder and Motion and Joinder and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such other argument that may be presented to the Court.

**This motion is made following counsels' conference pursuant to Local Rule 7-3, which took place on October 3, 2025.** Although this conference took place six days before the filing of this motion, counsel for the Folio Defendants made multiple efforts to schedule the conference before that date, including an email on August 27; a detailed letter on September 19 outlining deficiencies in the FAC and asking to schedule a meeting to discuss; and follow-up requests for meetings sent on September 24 and September 30. Plaintiff's counsel ultimately responded that he had been out for medical reasons, and the meeting took place on October 3. *See* Korzenick Decl. ¶ 3.

Dated: October 9, 2025

JASSY VICK CAROLAN LLP

/s/ Jean-Paul Jassy
Jean-Paul Jassy

MILLER KORZENIK RAYMAN LLP

/s/ David S. Korzenik
David S. Korzenik

*Attorneys for Defendants Folio Literary Management, Jeff Kleinman, and Erin Harris*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

I.  INTRODUCTION AND BACKGROUND ...................................................... 1

II. ARGUMENT .................................................................................................... 2

   A. The FAC Should Be Dismissed in Its Entirety for the Reasons Presented in S&S and CAA's Motions to Dismiss ...................................................... 2

   B. The FAC Alleges No Facts as to the Folio Defendants That Could Plausibly Establish any Claim or Theory of Liability ................................... 2

   C. Plaintiff Cannot Establish Any Grounds That Would Allow This Court to Exercise Jurisdiction Over Any Folio Defendant ...................................... 4

III. CONCLUSION ................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................... 3, 4

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) ................................................................................ 5

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ................................................................................ 3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 3

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ............................................................................................. 4

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ............................................................................... 5

**Court Rules**

Federal Rule of Civil Procedure 8 .............................................................................. 2

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

In asserting over a dozen claims against more than two dozen defendants, Plaintiff Adrienne Love seeks to convince this Court that she has been the victim of a vast literary conspiracy to steal her story and wrongly profit from her work. A review of the First Amended Complaint, Dkt. No. 44, quickly demonstrates just how deficient those claims are.

The allegations against Folio Literary Management (misnamed as Folio Literary Agency), Jeff Kleinman, and Erin Harris (the "Folio Defendants") are a clear illustration of these deficiencies. The FAC alleges no more than that Plaintiff met Defendant Kleinman, a founding partner at Folio, at an event in Vermont and then discussed with him the prospect of representing her before opting to engage a different literary agent. FAC ¶¶ 33, 37. That is in fact the extent of Folio's involvement with Plaintiff—a minimal link that cannot possibly lead to liability on any claim.

In addition, the Folio Defendants lack any connection to California and are not subject to the Court's jurisdiction. Defendants Kleinman and Harris are residents of New York, and neither owns property in California. Declaration of Jeffrey Kleinman ¶ 22; Declaration of Erin Harris, ¶ 10; FAC ¶¶ 15-16. Folio is a Virginia LLC with its principal place of business in New York, N.Y. Kleinman decl. ¶ 23; FAC ¶ 6. Folio does not have offices or own property in California. Kleinman decl. ¶ 23. None of the Folio Defendants was personally served with Plaintiff's summons and complaint in California. Kleinman decl. ¶¶ 20-21; Harris decl. ¶ 9.

Given their complete lack of connection to any cause of action and to the forum state, the claims against the Folio Defendants should be dismissed with prejudice.

## II. ARGUMENT

### A. The FAC Should Be Dismissed in Its Entirety for the Reasons Presented in S&S and CAA's Motions to Dismiss

The Folio Defendants join in the arguments made by Defendants Simon & Schuster and Creative Artists Agency in their motions to dismiss. Dkt. Nos. 54, 56. These arguments establish that the FAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because, among other reasons:

(1) The two works at issue are not substantially similar in their protected expression, as required to establish copyright infringement;

(2) The state law claims are premised on conspiracy to commit infringement and must fail because no infringement occurred;

(3) The FAC pleads no specific facts that could establish liability for any defendant;

(4) Many of the state law claims are untimely;

(5) Most of the state law claims are pre-empted by the Copyright Act;

(6) The fraud-based claims fall short of pleading requirements;

(7) The FAC violates Fed. R. Civ. P. 8 by failing to allege specific bases of liability against each defendant; and

(8) The declaratory relief claim must be dismissed as a matter of law.

Each of these arguments also applies to the Folio Defendants, and they join in seeking dismissal on those grounds.

### B. The FAC Alleges No Facts as to the Folio Defendants That Could Plausibly Establish any Claim or Theory of Liability

Love asserts a copyright infringement claim and a dozen state law claims against the Folio Defendants, yet alleges almost no acts attributable to these defendants, and no acts at all that could support any claim in the FAC. To state a claim, a plaintiff is obligated to provide the grounds for entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 *C. Wright & A. Miller*, *Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed. 2004)). In addition, "a complaint must contain sufficient factual matter" to be "plausible on its face," meaning that the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must accept factual allegations in a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

The FAC demonstrates on its face that Plaintiff has no basis for asserting any claim against any Folio Defendant. Plaintiff generally alleges that these defendants were "involved in developing Love's projects at issue," FAC ¶¶ 6, 15-16, but then refutes that allegation herself by admitting that Plaintiff's only contact with Folio was when she met Defendant Kleinman at an event in Vermont and that he was one of the agents she "began meeting with" before she chose to engage a different agent to represent her. *Id.* ¶¶ 33, 37. The FAC alleges no other facts as to Defendant Kleinman. The FAC makes no factual allegations at all as to Defendants Folio and Harris beyond their inclusion the Parties section.

These allegations do not even suggest wrongdoing, and they cannot provide any basis for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Instead, Plaintiff relies on blanket legal conclusions asserted against all or many defendants, pleading no facts to establish a plausible legal theory of liability as to the Folio Defendants. The Court should not accept any of these efforts to couch legal conclusions as factual allegations, *Iqbal*, 556 U.S. at 678, and should instead dismiss the FAC for "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's pleading fails as to every claim against the Folio Defendants:

- The FAC does not allege any facts that could establish copyright infringement. It does not allege facts even suggesting that the Folio Defendants copied or shared Plaintiff's work or contributed to any other defendant's infringing acts.
- The FAC does not plead any facts that could establish that the Folio Defendants had any fiduciary duty to Plaintiff or breached any such duty.
- The FAC does not plead any facts that could establish a breach of contract—including, significantly, the existence of any contract. Rather, Plaintiff admits she never engaged Folio to represent her. ¶ 37.
- The FAC does not plead any facts that could establish promissory estoppel, tortious interference, intentional or negligent misrepresentation, negligence, conversion, or unfair business practices.
- The FAC alleges no facts to support its claims for an accounting, constructive trust, or declaratory relief.

In short, the FAC sweeps the Folio Defendants into an unfounded and outlandish conspiracy theory without alleging a single fact to support any of the asserted claims. The FAC should be dismissed.

**C. Plaintiff Cannot Establish Any Grounds That Would Allow This Court to Exercise Jurisdiction Over Any Folio Defendant**

The FAC alleges no California-specific contacts or conduct as to the Folio Defendants that could establish general or specific personal jurisdiction and should be dismissed for that reason alone.

Courts have general jurisdiction when a party is served in the forum state or otherwise consents to jurisdiction or when the party is domiciled in the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). That is not the case here.

None of the Folio Defendants was personally served in California, and they do not consent to jurisdiction in California. Kleinman decl. ¶¶ 20-23; Harris decl. ¶ 9. Nor are any of the Folio Defendants domiciled in California, as the FAC admits. FAC ¶¶ 6, 15-16; Kleinman decl. ¶ 22-23; Harris decl. ¶ 10.

In assessing specific personal jurisdiction, courts in the Ninth Circuit apply a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Plaintiff alleges no California conduct by the Folio Defendants that could establish purposeful availment or direction. The only allegations in the FAC involving the Folio Defendants are these:

- The conclusory allegation, unsupported by any facts in the FAC, that Defendants Folio, Kleinman, and Harris, were "involved in developing Love's projects at issue." FAC ¶¶ 6, 15-16.
- The accurate but irrelevant fact that Defendant Kleinman met Plaintiff at an event in Vermont. *Id.* ¶ 33.
- The statement that "[i]n mid-2018, Love began meeting with literary agents, including Defendants Jeff Kleinman and Marly Rusoff." *Id.* ¶ 37. The FAC then notes that Plaintiff opted to engage Marly Rusoff, not Jeff Kleinman or Erin Harris or any other agent at Folio. *Id.*

Thus, according to the FAC itself, Folio's only connection to this case is that one of its agents met with Plaintiff. That falls far short of establishing contacts sufficient for this Court to exercise jurisdiction. *See, e.g.*, *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285

(2014)) (noting that "the plaintiff cannot be the only link between the defendant and the forum.").

As the FAC admits that the Folio Defendants are all based in New York (FAC ¶¶ 6, 15-16) and alleges no other contacts or conduct related to the forum state, the claims against these defendants should be dismissed.

## III. CONCLUSION

For the foregoing reasons, as well as those presented in the co-defendants' motions, the Folio Defendants respectfully request that this Court dismiss Plaintiff's claims against them with prejudice.

Dated: October 9, 2025

Respectfully submitted,

JASSY VICK CAROLAN LLP

/s/ Jean-Paul Jassy
Jean-Paul Jassy

MILLER KORZENIK RAYMAN LLP

/s/ David S. Korzenik
David S. Korzenik

*Attorneys for Defendants Folio Literary Management, Jeff Kleinman, and Erin Harris*